IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAMAR BALL,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ET AL.,<br><br>        Defendants. | No. C 13-1483 SBA (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE NEW *IN FORMA PAUPERIS* APPLICATION**<br><br>(Docket no. 2) |

Plaintiff Robert Lamar Ball filed this civil rights action and a prisoner's in forma pauperis application on April 3, 2013. On that same date, the Clerk of the Court notified Plaintiff that his in forma pauperis application was deficient due to the failure to include a signed certificate of funds and a prisoner trust account statement for the previous six months. The Court informed him that his action could not go forward until he filed the necessary documents within twenty-eight days, and that his failure to do so would result in dismissal of this action.

The Court notes that Plaintiff alleged in his complaint that he was released from custody on June 14, 2012 and that he is currently out on parole.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. See id. However, if a prisoner who seeks leave to proceed in forma pauperis is released from prison while his action is pending, he will not be required to pay the full filing fee if in forma pauperis status is granted. See, e.g., DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (statutory language, legislative intent and policy reasons dictate that prisoner

granted in forma pauperis status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general in forma pauperis provisions of § 1915(a)(1)), McGore v. Wrigglesworth, 114 F.3d 601, 613 (6th Cir. 1997) (same), McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 29-30 (2d Cir. 1996) (same).

Because Plaintiff no longer is incarcerated, in order for the Court to assess whether he is entitled to proceed in forma pauperis he must apply to proceed in forma pauperis under the general provisions of 28 U.S.C. § 1915(a)(1). If, based upon the information provided by Plaintiff, the Court grants Plaintiff leave to proceed in forma pauperis, the Court will proceed to review the complaint under § 1915(e)(2).[1] If the Court determines that Plaintiff is not entitled to in forma pauperis status, he will be required to pay the full filing fee or the action will be dismissed.

Accordingly, Plaintiff is hereby ORDERED to file a new application to proceed in forma pauperis. Plaintiff shall answer all questions in the attached application and shall provide any requisite documentation. He shall file his completed application within **twenty-eight (28) days** of the date of this Order. The failure to do so will result in the dismissal of this action without prejudice.

Plaintiff's prior prisoner's application to proceed in forma pauperis is DENIED as moot (docket no. 2).

The Clerk is directed to send Plaintiff a blank non-prisoner in forma pauperis application form.

This Order terminates Docket no. 2.

IT IS SO ORDERED.

DATED: _5/13/13_____

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

---

[1] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any in forma pauperis action.

2

**United States District Court**
For the Northern District of California

1  FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3  ROBERT L. BALL,

        Case Number: CV13-01483 SBA

4      Plaintiff,

**CERTIFICATE OF SERVICE**

5   v.

6  CDCR CALIFORNIA ATTORNEY
   GENERAL et al,

7

8      Defendant.
   _____/

9  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on June 4, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
12 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

13

14

15 Robert Lamar Ball V79505
   38 Moss Street
16 B404
   San Francisco, CA 94103

17

   Dated: June 4, 2013

18                                Richard W. Wieking, Clerk
                                    By: Lisa Clark, Deputy Clerk

19

20

21

22

23

24

25

26

27

28

3