IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAMAR BALL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. C 13-1483 SBA (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, who is a parolee, filed a civil rights action pursuant to 42 U.S.C. § 1983, in which he complains about various, seemingly unrelated matters. Plaintiff filed a motion to proceed in forma pauperis (IFP).[1]

In this Order, the Court dismisses the complaint with leave to amend and orders Plaintiff to file an amended complaint to correct the deficiencies outlined below.

## DISCUSSION

### I. Background

Plaintiff's complaint to the Court raises general "violations of [his] constitutional rights." (Compl. at 2.) He first presents allegations regarding a "writ of habeas courpus [sic]" he "filed in Solano County." (Id. at 3.) However, he alleges only that "they failed to answer the writ," but fails to elaborate with any other details. (Id.) He then claims that prison officials were "negligent" in failing to handle an unspecified 602 inmate appeal properly. (Id.) He adds that after he was transferred to another prison (prior to being paroled) and that his inmate appeal was "forgot[ten]," thus violating his "constitutional rights and [right to] equal protection of the law." (Id. at 5.)

---

[1] In an Order dated May 13, 2013, the Court denied as moot Plaintiff's initial IFP application, which was on the Court's form for prisoner litigants, on the grounds that he no longer is in custody. Dkt. 4. Because Plaintiff is not a "prisoner," the provisions of section 1915 requiring prisoners who seek to proceed IFP to submit a copy of transactions in their inmate account and providing that the full filing fee be paid in installments do not apply to him. However, even non-prisoners are required by section 1915(a)(1) to provide an affidavit with sufficient information to allow the Court to make an accurate determination whether they are indigent and thus entitled to proceed IFP. Therefore, Plaintiff was ordered to complete an IFP application on the Court's form for non-prisoner litigants. Id. Plaintiff has completed and filed the required IFP application. The Court will review his IFP application in a separate written order. Dkt. 5.

1  However, he has failed to set forth sufficient facts to state a claim with regard to any of the
2  allegations in the complaint.

## II. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## III. Analysis

To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-pleaded complaint that there is a federal question. Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976). And a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In this case, Plaintiff has failed to state the specifics regarding alleged mistreatment he suffered from any particular defendant, how his constitutional rights were violated, and the conduct

1 of each defendant that he asserts is responsible for a constitutional violation. As such, Plaintiff will
2 be granted leave to amend to allege specifics regarding any claims he has against any named
3 defendant.

4 In his amended complaint, Plaintiff must establish legal liability of each person or entity for
5 the claimed violation of his rights. Liability may be imposed on an individual defendant under
6 section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a
7 federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of
8 Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right
9 within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative
10 act or omits to perform an act which he is legally required to do, that causes the deprivation of which
11 the plaintiff complains. See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436,
12 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may
13 be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead
14 "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844
15 F.2d at 634.

16 Here, Plaintiff has not properly alleged liability on the part of any proper defendants for a
17 constitutional violation. Specifically, Plaintiff's claims against "CDCR Chief Appeals Officer
18 CDW-C[2] M. E. Spearman" are insufficient to state a claim. As mentioned above, Plaintiff must set
19 forth specific facts as to each individual defendant's actions which violated his rights. See Leer, 844
20 F.2d at 634. At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show
21 that an individual was personally involved in the deprivation of his civil rights." Barren v.
22 Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff's general allegations that Defendant
23 Spearman violated his constitutional rights are not supported by specific facts as to this individual's
24 actions which violated his rights. Plaintiff does not mention this defendant by name in his statement
25 of facts or show how this defendant personally was involved in any alleged deprivation. Therefore,
26 the claims against Defendant Spearman are DISMISSED with leave to amend.

27 Plaintiff has also named a state court judge -- Solano County Superior Court Judge Robert S.

28

---

[2] Plaintiff does not define the meaning of "CDW-C."

3

Bowers -- as well as the "Attorney General of California." (Compl. at 3.) However, a state court judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Therefore, Judge Bowers is absolutely immune from suit for acts or omissions taken in his judicial capacity. See id.; see also Mireles v. Waco, 112 S. Ct. 286, 288 (1991) (judicial immunity is not overcome by allegations of bad faith nor malice). The unnamed California Attorney General, who the Court assumes may have been sued for his or her handling of Plaintiff's habeas petition, is also absolutely immune from suit. See Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991) (government attorney performing acts "intimately associated with the judicial phase" of litigation is entitled to absolute immunity). Therefore, Plaintiff's allegations against Judge Bowers and the "Attorney General of California" are DISMISSED.

In sum, the complaint is DISMISSED. Plaintiff will be provided with twenty-eight days in which to amend to correct the deficiencies in his complaint, as set forth below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's allegations against Judge Bowers and the "Attorney General of California" are DISMISSED. The remaining claims in Plaintiff's complaint are DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within **twenty-eight (28) days** from the date of this Order. The amended complaint must include the caption and civil case number used in this Order -- Case No. C 13-1483 SBA (PR) -- and the words "AMENDED COMPLAINT" on the first page. **Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.**

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet,

4

963 F.2d 1258, 1262 (9th Cir.), <u>cert. denied</u>, 506 U.S. 915 (1992).

      3.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

      IT IS SO ORDERED.

DATED: 9/17/2013

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge