IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT LAMAR BALL,

    Plaintiff,

v.

M. E. SPEARMAN, et al.,

    Defendants.

No. C 13-1483 SBA (PR)

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, who is a parolee, filed a civil rights action pursuant to 42 U.S.C. § 1983, in which he complains about various, unrelated incidents. On September 17, 2013, the Court issued an Order Dismissing Complaint with Leave to Amend. In that Order, the Court noted that Plaintiff had "failed to state the specifics regarding alleged mistreatment he suffered from any particular defendant, how his constitutional rights were violated, and the conduct of each defendant that he assert[ted] [was] responsible for a constitutional violation." (Sept. 17, 2013 Order at 2-3.) The Court also advised that, in his forthcoming amended complaint, Plaintiff must identify the specific conduct or action of each named Defendant that he contends violated his constitutional rights.

Plaintiff has now filed his amended complaint in which he names two Defendants: (1) Appeals Coordinators M. E. Spearman; and (2) D. Foston. (Dkt. 8.) However, he alleges only that Defendant Spearman "falsified" his 602 inmate appeal or "allowed [his appeal] to be falsified," but fails to elaborate with sufficient details. (Am. Compl. at 3.) Plaintiff also claims, in a conclusory fashion, that Defendant Foston violated his Fourteenth Amendment rights. (Id.) Much like in his original complaint, Plaintiff has failed to set forth sufficient facts to state a claim with regard to any of the allegations in his amended complaint.

For the reasons discussed below, the Court DISMISSES the amended complaint with leave to amend and orders Plaintiff to file a second amended complaint to correct the deficiencies outlined below.

**DISCUSSION**

**I.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976); Fisher v. Flynn, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). The failure to comply with Rule 8(e), requiring each averment of a pleading to be "simple, concise, and direct," is also a basis for dismissal. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that is "argumentative, prolix, replete with redundancy, and largely irrelevant").

**III.     Analysis**

The aforementioned conclusory allegations from Plaintiff's amended complaint

1 consists of three sentences total. They are completely lacking in facts sufficient to
2 demonstrate that Plaintiff's constitutional rights were violated. Given Plaintiff's pro se
3 status, and in the interests of justice, the Court will afford Plaintiff one further opportunity to
4 amend the pleadings to allege facts sufficient to support his claim that his constitutional
5 rights have been violated.

6      For each instance of a constitutional violation, Plaintiff should name each person who
7 violated his constitutional rights, describe what each person did to violate his rights, state
8 where the violation occurred, and identify when the violation occurred. In his second
9 amended complaint, Plaintiff must provide a more detailed description of certain incidents so
10 the Court can determine whether enough is alleged to find the pleading adequate to state a
11 claim for relief and require a response from one or more defendants. Plaintiff is cautioned
12 that there is no respondeat superior liability under Section 1983, i.e., no liability under the
13 theory that one is responsible for the actions or omissions of another. See Taylor v. List, 880
14 F.2d 1040, 1045 (9th Cir. 1989) (Liability under Section 1983 arises only upon a showing of
15 personal participation by the defendant.).

16      The Court also notes that the date and signature lines on the last page of Plaintiff's
17 amended complaint were left blank. (Dkt. 8 at 3.) If Plaintiff chooses to amend, he should
18 do so on the Court's civil rights complaint form and complete, sign and return the entire form.
19
20      In sum, the amended complaint is DISMISSED WITH LEAVE TO AMEND.
21 Plaintiff will be provided with twenty-eight days in which to amend to correct the
22 deficiencies in his amended complaint, as set forth below.

### **CONCLUSION**

24      For the foregoing reasons, the Court orders as follows:

25      1.     Plaintiff's amended complaint is DISMISSED WITH LEAVE TO AMEND, as
26 indicated above. Plaintiff shall file a second amended complaint within **twenty-eight (28)**
27 **days** from the date of this Order. The second amended complaint must include the caption
28 and civil case number used in this Order -- Case No. C 13-1483 SBA (PR) -- and the words

3

"SECOND AMENDED COMPLAINT" on the first page.  **Failure to amend within the designated time will result in the dismissal of the amended complaint without prejudice.**

2.    Plaintiff is advised that a second amended complaint supersedes the original complaint as well as the amended complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in his second amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992).

3.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

4.    The Clerk of the Court shall send Plaintiff a blank civil rights complaint form with his copy of this Order.

IT IS SO ORDERED.

DATED: 1/31/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge